(No. 5964.   January 30, 1934.)

DeTWEEDE NORTHWESTERN & PACIFIC HYPO-THEEKBANK, a Corporation, Respondent, v. FIRST SECURITY BANK OF BOISE, a Corporation, and S. M. STEWART, Appellants.

[29 Pac. (2d) 755.]

Dean Driscoll, for Appellants.

P. B. Carter, for Respondent.

BUDGE, C. J.—On May 21, 1917, T. G. Montgomery and Daisy Montgomery, to secure the payment of $10,000, executed and delivered to respondent a mortgage on a tract of land then owned by them, which mortgage was duly recorded May 24, 1917. Subsequent to the date of the mortgage, appellant Stewart succeeded through mesne conveyances to the title of the Montgomerys. On March 2, 1932, appellant Stewart and his wife leased the land to E. L. Howard for a term commencing March 1, 1932, and ending March 1, 1933. Likewise on March 2, 1932, E. L. Howard, to secure the payment of the rent provided in the lease, executed and delivered to appellant Stewart a chattel mortgage on a portion of the crops to be grown during the term of the lease. This chattel mortgage was filed for record March 3, 1932, and on the same day, the chattel mortgage, the lease and the rents to become due and likewise the crops were all assigned to appellant First Security Bank. On March 11, 1932, because of default in payments due respondent it instituted suit to foreclose the

real estate mortgage, including T. G. Montgomery and wife, appellants, and several others, as parties defendant. On May 3, 1932, upon motion of respondent, the action was dismissed against all defendants, excepting S. M. Stewart and wife, First Security Bank of Boise, and E. L. Howard and wife, and, on May 13, 1932, decree of foreclosure was entered against these remaining defendants, none of whom entered their appearance. The foreclosure decree provided in part that:

" . . . . if the money arising from said sale be insufficient to pay the amount so found due the plaintiffs . . . . the said sheriff shall then specify the amount of such deficiency and balance due the plaintiff in his return to said sale, and that on the coming in and filing of said return, the Clerk of this Court docket a judgment for the balance against the defendant S. M. Stewart. . . . . "

On June 6, 1932, the sheriff sold the property on execution and made return that he was "returning said order of sale and decree unsatisfied with a deficiency judgment remaining on this date of $1173.16." Sheriff's certificate of sale issued June 6, 1932. Thereafter and on August 13, 1932, respondent petitioned for the appointment of a receiver to collect the rents, issues and profits arising out of said premises under the lease between appellant Stewart and E. L. Howard, and prayed that these rents and profits collected be applied, after deducting receivership expenses, toward the payment of taxes, and then upon "petitioner's deficiency judgment." The grounds for the appointment of the receiver, as appears in the petition, were to the effect that the return of the sheriff showed a deficiency due petitioner for $1173.16, which deficiency was docketed against S. M. Stewart; that he is personally liable for the deficiency; that he is insolvent and that he cannot be made to respond to the deficiency. On August 24, 1932, upon prior motion by appellant Stewart, the court made and entered an order vacating all portions of the foreclosure decree reciting personal liability on the part of the appellant Stewart, and vacated the deficiency judgment against him. On Septem-

ber 22, 1932, a receiver was appointed and qualified, the order appointing the receiver reciting, among other things that:

"E. L. Howard pay when due the said note for $270.00 and the interest thereon as provided in said note, to the said receiver.

"That the said receiver shall collect the said rents arising out of said property and the rents so collected are to be applied after the payment of the costs and expenses of such receivership, including the costs and expenses of caring for and protecting said property and the collecting of such rents, first: toward the payment of all assessments imposed upon said premises and paid by the First Security Bank for water assessments in the spring of 1932; second, towards plaintiff's deficiency judgment of $1173.16."

The appeal is taken from the order appointing the receiver.

It will be observed that at the date of the appointment of the receiver there was no deficiency judgment against S. M. Stewart or any other party to the action. The deficiency judgment theretofore entered against Stewart had been vacated and set aside, which being true, it affirmatively appeared that the grounds for the appointment of the receiver, disclosed by respondent's petition, did not exist, that is, there was no deficiency judgment against Stewart. If therefore follows that the order appointing the receiver cannot be upheld.

While other errors are assigned and discussed we think the point decided is decisive of the case here.

The order appointing the receiver is reversed with directions to the court to enter a judgment in accordance with the views herein expressed. Costs awarded to appellant.

Givens, Morgan, Holden and Wernette, JJ., concur.

Petition for rehearing denied.